IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-03298-SKC

JOSE SARINANA GANDARA,

       Plaintiff,

v.

CITY OF WESTMINSTER, COLORADO, *et al.*,

       Defendants.

---

ORDER RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT [DKT. 47]

---

       During the early hours of November 4, 2018, Plaintiff Jose Sarinana Gandara was drinking alcohol and listening to music in the home he shared with his wife and child. [Dkt. 69 at ¶¶1-5.] Around midnight, Plaintiff turned up his music and his wife threatened to call the police if he did not stop drinking and go to bed. [*Id.* at ¶¶5-7.] When he did not, Plaintiff's wife called 911 and asked that her husband be taken away until he was no longer drunk. [*Id.* at ¶8.] Officers Jesse Cohen and Jude Perez were dispatched to the residence on a domestic dispute and were informed that Plaintiff was violent when drunk. [*Id.* at ¶¶10-11.]

       When the officers arrived, Plaintiff invited them into his home. [*Id.* at ¶15.] At the time, Plaintiff was wearing jeans and a yellow jacket that covered his waist. [*Id.*

1

at ¶18.] After Plaintiff approached the officers with his hands in his pockets, Officer Cohen told Plaintiff he would need to be patted down for weapons. [*Id.* at ¶¶20-21.] However, when Cohen attempted to gain control of Plaintiff's arms, Plaintiff tucked his right arm to his body and began to yank and pull his other arm away. [*Id.* at ¶¶23-26.] A struggle ensued during which Plaintiff swung his arms and tackled Officer Cohen to the ground. [*See* Dkt. 47-8 at pp.7-8.] During the tussle, Plaintiff's cousin, who had been sleeping, attempted to block the officers from Plaintiff; at some point, Plaintiff got off the ground and sat in a nearby reclining chair. [Dkt. 69 at ¶¶29-30.]

At that time, Officer Joshua Berzanji entered the residence and saw both Plaintiff and his cousin sitting in the reclining chair with the cousin still blocking the officers from Plaintiff. [*Id.* at ¶¶33.] After an officer moved the cousin aside, Officer Perez deployed his taser into Plaintiff's back, who then fell to the ground on his stomach. [*Id.* at ¶67.] According to Perez, the taser did not deploy properly, and therefore, Perez had to use a drive stun technique while Plaintiff was on the ground to subdue him. [*Id.* at ¶¶66-68.] Officer Berzanji was then able to handcuff Plaintiff and place him under arrest. [*Id.* at ¶36.]

As a result of this incident, Plaintiff was charged and pleaded guilty to one count of reckless third-degree assault on Officer Cohen in violation of Colo. Rev. Stat. § 18-3-204(1)(a). [Dkt. 47-8.] Plaintiff then filed this lawsuit under 42 U.S.C. § 1983 for money damages, arguing Defendants violated his Fourth Amendment right to be free from an unreasonable search or seizure, and his right to be free of the excessive

use of force. He also asserts a claim against the City of Westminster under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Following a period of discovery, Defendants moved for summary judgment in their favor on all of Plaintiff's claims. [Dkt. 47.] The Court has carefully reviewed the Motion and related briefing, the evidence, the relevant law, and the entire case file. The Court has also considered the undisputed material facts in the light most favorable to the non-moving party. *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001). No hearing is necessary. For the following reasons, Defendants' Motion is GRANTED.

## STANDARD OF REVIEW

Summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.,* 41 F.3d 567, 569 (10th Cir. 1994). "[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (quoting *Anderson v. Liberty Lobby,* 477 U.S. 242, 249 (1986)).

Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury, or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson,*

3

477 U.S. at 248-49; *Stone v. Autoliv ASP, Inc.,* 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service,* 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson,* 477 U.S. at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *First Nat. Bank of Ariz. v. Cities Service Com*, 391 U.S. 253, 289 (1968)).

## ANALYSIS

Defendants contend, *inter alia*, Plaintiff's claims for excessive use of force are barred by the *Heck* doctrine. They further contend Officers Cohen and Perez are entitled to qualified immunity on Plaintiff's claim for the unreasonable search of his person. The Court agrees on both scores.

**A.    Application of the *Heck* Doctrine to the Excessive Force Claims**

Defendants argue Plaintiff's claims are barred in their entirety by *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Heck,* the Supreme Court held that in a civil rights case seeking damages under 42 U.S.C. § 1983, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [an existing] conviction or sentence." *Id.* at 487. A claim which, if successful, results in this implication is not cognizable under § 1983. *Id.* at 486-88.

4

A § 1983 claim implicates *Heck* "only as it relates to the conviction that it would be directly invalidating." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). Thus, in *Heck*, the plaintiff's § 1983 claim alleging the defendants had "engaged in an unlawful, unreasonable, and arbitrary investigation leading to" his arrest, and knowingly destroyed exculpatory evidence, was found to directly implicate the validity of the plaintiff's conviction for manslaughter. *Heck*, 512 U.S. at 479, 486-87. *Cf. Butler*, 482 F.3d at 1280 (*Heck* did not apply because plaintiff's § 1983 claim did not challenge conduct related to his conviction on three burglary charges to which he pleaded guilty, but rather, to conduct during his arrest for other burglary charges that were dismissed).

Here, Plaintiff pleaded guilty to one count of reckless third-degree assault of Officer Cohen and he brings a § 1983 claim for excessive force against that officer. "An excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer." *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015). "For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared." *Id*. To determine the effect of *Heck* on an excessive-force claim, the court must consider the elements of the criminal offense for which the plaintiff was convicted and determine whether success in the § 1983 action would *necessarily* invalidate that underlying conviction. *See Martinez v. City of Albuquerque,* 184 F.3d 1123, 1125 (10th Cir. 1999).

5

As mentioned, Plaintiff pleaded guilty to one count of reckless third-degree assault on Officer Cohen. A person commits the crime of assault in the third degree if he "… recklessly causes bodily injury to another person…." Colo. Rev. Stat. § 18-3-204(1)(a). A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that a result will occur or that a circumstance exists.[1] Colo. Rev. Stat. § 18-1-501(8).

In this case, Plaintiff alleges all three officers used excessive force during his arrest in violation of his Fourth Amendment rights, or they failed to intervene to prevent the use of excessive force. [Dkt. 19 at ¶¶155-64, 173-82.] "To determine whether the force used in a particular case is excessive 'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Hooks v. Atoki*, 983 F.3d 1193, 1200 (10th Cir. 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). A court must carefully consider the facts and circumstances of the case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id*.

---

[1] During the hearing in which Plaintiff entered his guilty plea and received his sentence, the district attorney described to the court that the incident "essentially turned into a very long wrestling match in the defendant's living room with officers. And he was just refusing to submit to the point where they finally had to tase him." [Dkt. 47-8 at pp.7-8.]

6

Having pleaded guilty to the crime of reckless third-degree assault, the Court finds Plaintiff posed an immediate threat to the officers' safety as a matter of law. As a result, "there is no doubt the officers were justified in employing some force" against Plaintiff to subdue him and defend themselves. *Id.* In his Response, Plaintiff contends the officers used too much force to respond to his admitted reckless assault of Officer Cohen. The theories underpinning Plaintiff's arguments, however, are inconsistent with his conviction and would necessarily invalidate it if he prevailed.

For example, in his deposition, Plaintiff testified that from the beginning of his interaction with Defendants, he had his hands behind his back when the officers began to hit him. [Dkt. 47-1 at pp.6-7.][2] He further testified that he did not swing his arms at the officers and was, instead, trying to protect himself. [*Id.* at p.9] He also stated he did not intend to assault the officers and it was an accident when he tackled Officer Cohen to the ground. [*Id.* at p.10.] But to the extent Plaintiff's claims hinge on a theory that he did nothing wrong, or that what he did when assaulting the officers was a mere accident, they sound in a declaration of his innocence—*Heck* bars claims for relief that depend on a plaintiff's arguments of innocence. *Havens v. Johnson,* 783 F.3d 776, 777, 783 (10th Cir. 2015) ("Sometimes the excessive-force

---

[2] This testimony conflicts with Plaintiff's concession that as Officer Cohen attempted to pat him down, Plaintiff resisted and tried to free himself from Officer Cohen's grasp. [Dkt. 69 at ¶¶23-26.]

7

claim must be barred in its entirety because the theory of the claim is inconsistent with the prior conviction.").

Plaintiff's additional assertion that he was merely defending himself against the officers' use of force would also undermine the legality of his conviction. Under Colorado law, "a person is justified in using physical force upon another person in order to defend himself or a third person from what he *reasonably believes* to be the use or imminent use of unlawful physical force by that other person." Colo. Rev. Stat. § 18-1-704 (emphasis added). But here, Plaintiff pleaded guilty to a *reckless* assault causing Officer Cohen bodily injury. Because "reasonableness and recklessness are inconsistent standards," *People v. Ellis*, 30 P.3d 774, 780 (Colo. App. 2001), Plaintiff cannot pursue this theory in this Court without necessarily invalidating his conviction if he prevailed.

Plaintiff's further argument that his assault on Officer Cohen was unintentional—perhaps only negligent—is also inconsistent with the reckless conduct he pleaded guilty to. Negligence occurs "when, through a gross deviation from the standard of care that a reasonable person would exercise, [a person] *fails to perceive a substantial and unjustifiable risk* that a result will occur or that a circumstance exists." Colo. Rev. Stat. § 18-1-501(3) (criminal negligence) (emphasis added). Recklessness, on the other hand, is not based on a failure to perceive a risk; rather, it occurs when an individual *consciously disregards* a substantial and unjustifiable risk that a result will occur or that a circumstance exists. Colo. Rev.

8

Stat. § 18-1-501(8). Thus, any suggestion Plaintiff's use of force was accidental, unintentional, or merely negligent, "would take aim at the heart of his criminal plea, thereby violating the spirit of *Heck*." *Hooks*, 983 F.3d at 1201.[3]

Because Plaintiff's theories or arguments in support of his § 1983 claims for excessive force would necessarily invalidate his criminal conviction if successful, the Court concludes these claims are barred by the *Heck* doctrine and judgment must be entered in favor of Officers Cohen, Perez, and Berzanji.

This conclusion necessarily means the City of Westminster is also entitled to judgment in its favor on Plaintiff's *Monell* claim. "It is well established . . . that a municipality cannot be held liable under section 1983 for the acts of an employee if

---

[3] In his Response, Plaintiff cites case law—albeit not any analyzing *Heck*—for the proposition that an officer can be liable for using force against someone who no longer poses a threat. [Dkt. 62 at p.6.] To be sure, in *Hooks*, the Tenth Circuit held it was not inconsistent with an assault conviction to claim the officers used unreasonable force *after* the plaintiff had been subdued. *Hooks*, 983 F.3d at 1201. Plaintiff, however, does not actually argue the officers employed any force after he was subdued, so the Court considers the argument waived. *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir.1998) (holding that arguments inadequately briefed in an appellate brief are waived). But even if the Court were to consider the argument, it would nevertheless be futile. The only time Plaintiff states he was subdued was *after* he was tased and placed in handcuffs. [*See* Dkt. 39 at ¶75.] And while—citing his wife's deposition testimony—Plaintiff contends the officers continued to hit and kick him after he was placed in handcuffs, her testimony is contradicted by Plaintiff's own deposition testimony that Defendants never hit him after he was handcuffed. [Dkts. 47-1 at p.12, 68-1 at p.2]. The video recording corroborates Plaintiff's deposition testimony on this point. Thus, Plaintiff's wife's testimony is not credible and does not create a dispute of material fact as to whether the officers continued to use force on him after he was subdued. *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

[the] employee committed no constitutional violation." *Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998).

**B.     Unlawful Search**

Plaintiff also asserts a claim pursuant to the Fourth Amendment alleging Officers Cohen and Perez violated his right to be free from unreasonable searches. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated...." U.S. Const. amend. IV. Thus, "[t]he touchstone of the Fourth Amendment is reasonableness." *United States v. Knights*, 534 U.S. 112, 118 (2001). Further, when a "police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous," he is entitled to "conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." *Terry v. Ohio*, 392 U.S. 1, 30 (1963).

In this case, the Court need not determine whether *Terry* applies because it is undisputed neither officer searched Plaintiff's person. [Dkt. 69 at ¶¶22-26.] To be sure, only Officer Cohen *attempted* to conduct a pat down of Plaintiff's jacket. [*Id.* at ¶23.] But his attempt failed when Plaintiff resisted and tucked his right arm to his body, which prevented Cohen from being able to control Plaintiff and perform the pat down. [*Id.* at ¶¶23-26.] At that point, Plaintiff began to yank, push, and pull his left

10

arm to get out of Cohen's grasp and the rest of the night's events unfolded leading to Plaintiff's reckless assault and preventing any search. [*Id.* at ¶26.]

With only Officer Cohen's *attempt* to pat Plaintiff down, "[c]ourts have routinely held, under circumstances such as these, that a demand, threat, or an attempt to coerce cannot form the basis for a valid claim if an actual constitutional violation does not result." *Doe v. McAfee*, No. 13-cv-01287-MSK-MJW, 2014 WL 4922157, at *4 (D. Colo. Mar. 10, 2014), *report & rec. adopted in part, rejected in part on other grounds*, 2014 WL 4852274 (D. Colo. Sept. 29, 2014); *see also Jackson v. City of Overland Park, Kan.*, No. 11-2527-CM-DJM, 2012 WL 1231848, at *5 (D. Kan. April 11, 2012) (collecting cases and noting that "a threat constitutes an actionable constitutional violation only if the threat exerts coercive pressure on plaintiff and *plaintiff suffers the deprivation of a constitutional right*" (quoting *Suasnavas v. Stover*, 196 F. App'x 647, 657 (10th Cir. 2006) (emphasis added)); *Cotz Mastroeni*, 476 F. Supp. 2d 332, 362 (S.D.N.Y. 2007) (a police officer's mere threat to conduct an alleged unconstitutional strip search did not violate the plaintiff's constitutional rights).

Because Plaintiff's Fourth Amendment claim for unreasonable search is undisputedly and solely based on an *attempted* pat-down search, the Court concludes no reasonable jury could find Plaintiff's constitutional rights were violated. Consequently, Defendants are entitled to judgment in their favor on this claim.

\*   \*   \*

For the foregoing reasons, Defendants' Motion for Summary Judgment [Dkt. 47] is GRANTED and judgment shall be entered in their favor. Given the bases of the Court's order, the Court does not reach Defendants' additional arguments.

This case shall be closed.

DATED: April 24, 2023.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
